**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF THE DISTRICT OF COLUMBIA**

| | | |
|---|---|---|
| DANIEL KENNEDY, | : | CASE NO. 1:06CV01070 |
| 1717 H Street | : | |
| Arcata, CA 95521, | : | |
| on behalf of himself | : | |
| and all others similarly | : | |
| situated | : | |
| | : | |
| Plaintiff, | : | |
| | : | |
| vs. | : | |
| | : | |
| UNITED STATES DEPARTMENT | : | |
| OF VETERANS AFFAIRS, | : | AMENDED |
| 810 Vermont Avenue NW | : | CLASS ACTION COMPLAINT |
| Washington, DC 20420, | : | |
| | : | |
| R. JAMES NICHOLSON, Secretary | : | |
| of the United States Department of | : | |
| Veterans Affairs, officially and | : | |
| individually, | : | |
| 810 Vermont Avenue NW | : | |
| Washington, DC 20420, | : | |
| | : | |
| GORDON G. MANSFIELD, Deputy | : | |
| Secretary of the United States | : | |
| Department of Veterans Affairs, | : | |
| officially and individually, | : | |
| 810 Vermont Avenue NW | : | |
| Washington, DC 20420, | : | |
| : | | |
| | : | |
| Defendants. | : | |
| | : | |

**I. PRELIMINARY STATEMENT**

1.  Plaintiff Daniel Kennedy brings this action pursuant to the Privacy Act of 1974

and the Fourth and Fifth Amendments to the United States Constitution on behalf of himself

and all others similarly situated against the United States Department of Veterans Affairs ("VA"), Secretary R. James Nicholson, and Deputy Secretary Gordon H. Mansfield.

2.  Plaintiff, a veteran of the United States Army, is one of more than 26.5 million military veterans whose private personal information, including Social Security number, was improperly, unlawfully, willfully and intentionally disclosed in at least three ways: (1) through the access and removal of data files containing the private personal information of 26.5 million veterans from the VA facility by an employee of the VA ; (2) through the transfer of the data to external and unprotected disks and/or computers by that VA employee; and (3) through the alleged theft of these disks and/or computers by a third party, the identity of whom may never be known. These disclosures, made without Plaintiff's knowledge or consent, violate 5 U.S.C. § 552a(b).

3.  These disclosures were the direct and proximate result of Defendants' willful and intentional failure to establish and enforce appropriate safeguards to ensure the security and privacy of veteran records and to protect against any known or anticipated threats or hazards to the security and integrity of these records in violation of 5 U.S.C. § 552a(e)(10).

4.  Subsequent to learning of these disclosures, Defendants were deliberately indifferent in failing to take reasonable corrective action, including but not limited to, providing prompt and accurate notification of the disclosures to law enforcement and the affected veterans despite knowledge of the substantial risk of serious harm to the personal and financial security of the affected veterans as result of the disclosures.

5.  Defendants' disclosures of Plaintiff's confidential Social Security number also violated Plaintiff's right to privacy and personal security of his Social Security number under the Fourth and Fifth Amendments of the United States Constitution.

6.  As result of the Defendants' acts and omissions in disclosing and failing to protect Plaintiff's private personal information, including his Social Security number, Plaintiff and those similarly situated have been placed at a substantial risk of harm in the form of identity theft and have incurred and will incur actual damages in an attempt to prevent identity theft by purchasing services to monitor their credit information.  The remedies sought include declaratory and remedial injunctive relief, damages and reasonable attorneys' fees and costs.

## II. JURISDICTION AND VENUE

7.  The jurisdiction of this Court is invoked pursuant to 28 U.S.C. § 1331. Federal jurisdiction is appropriate in this instance to secure protection and to redress deprivations of rights guaranteed under 5 U.S.C. § 552a.

8.  Venue is appropriate pursuant to 5 U.S.C. § 552a(g)(5) and 28 U.S.C. § 1391(e).

## III. PARTIES

9.  Plaintiff Daniel Kennedy is a veteran of the United States Army honorably discharged from service in 2002. He is a resident of Arcata, California.

10.  Defendant VA is a cabinet of the executive branch of the United States Government which, in the course of its duties, compiles and maintains records of all individuals discharged from a branch of the United States military and provides benefits and services to veterans, including among other things, pension payments and health care.

11.  Defendant R. James Nicholson is the duly-confirmed Secretary of United States Department of Veterans Affairs and is responsible for the enactment and enforcement of all VA policies and procedures, including those pertaining to safeguards to ensure the security and privacy of veteran records and to protect against any anticipated threats or hazards to the

security and integrity of these records, He is sued in his official and individual capacities.

12.  Defendant Gordon H. Mansfield is the duly-appointed Deputy Secretary of the United States Department of Veterans Affairs and is responsible for the enactment and enforcement of all VA policies and procedures, including those pertaining to safeguards to ensure the security and privacy of veteran records and to protect against any anticipated threats or hazards to the security and integrity of these records. He is sued in his official and individual capacities.

## IV. STATEMENT OF FACTS

13.  In connection with his honorable discharge after service with the United States Army, Plaintiff was required to provide the VA with his private personal information, including Social Security number.

14.  On or about May 22, 2006, Secretary Nicholson publicly announced through worldwide media outlets that the private personal information of 26.5 million veterans discharged after 1975 had been disclosed. The private personal information of these veterans disclosed included names, dates of birth, Social Security numbers, disability ratings, and upon information and belief, certain medical information.

15.  Secretary Nicholson reported the disclosure was connected to an alleged burglary of the home of a VA employee. Upon information and belief, on or about May 3, 2006, that VA employee, a low-ranking data analyst and long-time VA employee, had removed from the VA facility VA files containing private personal information of 26.5 million persons comprised of veterans discharged since 1975 and as many as 1.1 million active-duty military personnel, 430,000 National Guard members and 645,000 reserve members and had taken the files to his home.  The VA employee who removed the files to his home then copied the

files onto his computer and/or external disks for an unspecified purpose. The VA employee's computer and/or disks were allegedly stolen during a burglary of his home. Upon information and belief, these items have not been recovered as of the date of the filing of this Complaint. They are not believed to be encrypted or password protected and can be easily accessed and duplicated.

16.   Upon information and belief, the VA employee who removed the files from the VA facility was able to easily access computer files containing private personal information of 26.5 million veterans and copy the files from the VA's system onto external disks and his personal computer. Upon further information and belief, this VA employee had been removing the data from the VA facility for a period of three years in a practice expressly or implicitly ratified by the VA. The VA employee's access to and duplication of this information was a disclosure in violation of 5 U.S.C. § 552a(b) and the result of Defendants' willful and intentional failure to establish appropriate safeguards to ensure the security and confidentiality of veteran records and to protect against any anticipated threats or hazards to the security and integrity of these records in violation of 5 U.S.C. § 552a(e)(10).

17.   Upon information and belief, VA officials knew about the theft within hours of the crime but did not inform Secretary Nicholson until 13 days later. Upon learning of the above-described disclosures, Secretary Nicholson and Deputy Secretary Mansfield unreasonably delayed reporting the disclosures to law enforcement agencies despite knowledge of the imminent and substantial risk of serious harm to the personal security of the affected veterans. VA Inspector General George Opfer publicly stated that he was never formally notified of the disclosures, but rather heard about it through "gossip."

18.   Three weeks after the alleged burglary, Secretary Nicholson advised media

outlets that the 26.5 million veterans whose private personal information was disclosed were subject to a heightened risk for identity theft. He urged the veterans to be "extra vigilant and to carefully monitor bank statements, credit card statements and any statements relating to recent financial transactions." Upon information and belief, Defendants have not provided credit protection and credit monitoring for Plaintiff and Class Members.  In the meantime, the VA employee who removed the data from the VA facility has been fired.  His boss resigned last week and another senior VA official is on administrative leave pending investigations by the FBI, the VA inspector general and Montgomery County police.

19.  Defendants knew or should have known that their computer security practices were not in compliance with 5 U.S.C. § 522a as well as other federal laws relating to information security. In 2003, a study conducted by the General Accounting Office (GAO) gave the VA a failing grade for its computer security practices. In March 2006, the United States House of Representative's Committee on Government Reform gave the VA an "F" in its annual report card relating to information security. Despite this ample and specific notice of noncompliance and the potential adverse effect of random and unauthorized disclosures of personal information, Defendants failed to establish appropriate safeguards to ensure the security and confidentiality of veteran records and to protect against any anticipated threats or hazards to the security and integrity of these records in violation of 5 U.S.C. § 552a(e)(10).

20.  The unauthorized and unconsented disclosure of an individual's name, address, date of birth and Social Security number creates a substantial risk of identity theft. An individual's Social Security number is the most useful identifier for retrieving information from public record databases, financial institutions and credit bureaus. Armed with an

individual's name, address, date of birth and Social Security number, an identity thief is able to quickly and easily steal an identity, whereas, without such information, the task is difficult, time consuming and costly.

21.  Recent nationwide studies confirm that, on average, victims of identity theft spend hundreds of hours in personal time and hundreds of dollars in personal funds to resolve their credit issues. *See* www.idtheftcenter.org; www.fte.org.

22.  Defendants' unauthorized and unconsented disclosures of Plaintiff's and Class Members' private personal information and the imminent and substantial risk of identity theft to which Plaintiff and Class Members have been exposed is the direct result of Defendants' failure to: (1) establish appropriate administrative, technical and physical safeguards to ensure the security and confidentiality of records; (2) to protect against any anticipated threats or hazards to the security and integrity of these records; and (3) to promptly take reasonable measures to correct the disclosures, including but not limited to, providing law enforcement and the affected veterans with prompt and accurate notice of the disclosures.

23.  The Defendants' loss of Plaintiff's and Class Members' private personal information is unprecedented in scope and raises concerns about the safety of U.S. military forces.  For example, the Plaintiff's and Class Members' private personal information could be used to find out where military personnel live.  As a direct and proximate result of Defendants' acts and omissions, Plaintiff and Class Members have been exposed to a risk of substantial harm and inconvenience, and have incurred or will incur actual damages in purchasing comprehensive credit reports and/or monitoring of their identity and credit.

### V. CLASS ALLEGATIONS

24.  Plaintiff maintains this action on behalf of himself and all individuals whose

private personal information, including Social Security numbers, were disclosed by
Defendants in May 2006 as described above.

25.  The members of the putative class are so numerous that joinder of individual
claims is impracticable. Moreover, there are significant questions of fact and issues of law
common to the members of the putative class. These issues include whether Defendants
failed to establish appropriate administrative, technical and physical safeguards to ensure the
security and confidentiality of records and to protect against known and anticipated threats or
hazards to the security and integrity of these records, whether such failure was willful and
intentional, whether the putative class members were adversely affected, and whether they
incurred actual damages as result.

26.  Plaintiff's claims are typical of the claims of the putative class. Plaintiff and all
members of the putative class have been adversely affected and damaged in that his private
information has been compromised and stolen.

27.  The proposed class representative will fairly and adequately represent the
putative class because he has the class members' interest in mind, his individual claims are
co-extensive with and identical to those of the class, and because he is represented by
qualified counsel experienced in class action litigation of this nature.

28.  A class action in this instance is superior to other available methods for the fair
and efficient adjudication of these claims since individual joinder of the claims of all
members of the putative class is impracticable. Most members of the class are without the
financial resources necessary to pursue this matter. Even if some members of the class could
afford to litigate their claims separately, such a result would be unduly burdensome to the
courts in which the individualized cases would proceed. Individual litigation increases the

time and expense of resolving a common dispute concerning Defendants' actions toward an entire group of individuals. Class action procedures allow for far fewer management difficulties in matters of this type and provide the unique benefits of unitary adjudication, economy of scale and comprehensive supervision over the entire controversy by a single court.

29.  The putative class may be certified pursuant to Rule 23(b)(1) of the Federal Rules of Civil Procedure because inconsistent or varying adjudications with respect to individual class members would establish incompatible standards of conduct for Defendants to follow.

30.  The putative class may be certified pursuant to Rule 23(b)(2) of the Federal Rules of Civil Procedure because Defendants have acted on grounds generally applicable to the putative class thereby making final injunctive relief and corresponding declaratory relief appropriate with respect to the claims raised by the class.

31.  The putative class may be certified pursuant to Rule 23(b)(3) of the Federal Rules of Civil Procedure because questions of law and fact common to class members will predominate over questions affecting individual members and a class action is superior to other methods for fairly and efficiently adjudicating the controversy and causes of actions described in the Complaint.

### VI. STATEMENT OF CLAIMS
### COUNT ONE

32.  Plaintiff repeats and reaffirms the assertions of fact contained in paragraphs 1 through 31 herein above.

33.  The foregoing acts and omissions of Defendant VA constitute an unauthorized, nonconsensual, and inappropriate disclosure of Plaintiff's Social Security number in violation of 5 U.S.C. § 552a(b).

## COUNT TWO

34. Plaintiff repeats and reaffirms the assertions of fact contained in paragraphs 1 through 33 herein above.

35. The foregoing acts and omissions of Defendant VA constitute a willful and intentional failure to establish appropriate safeguards to ensure the security and privacy of veteran records and to protect against known and anticipated threats or hazards to the security and integrity of Plaintiff's private personal records in violation of 5 U.S.C. § 552a(e)(10).

## COUNT THREE

36. Plaintiff repeats and reaffirms the assertions of fact contained in paragraphs 1 through 35 herein above.

37. The foregoing acts and omissions of Defendants constitute a violation of Plaintiff's right to privacy in his Social Security number under the Fourth and Fifth Amendments to the United States Constitution.

## COUNT FOUR

38. Plaintiff repeats and reaffirms the assertions of fact contained in paragraphs 1 through 37 herein above.

39. The foregoing acts and omissions of Defendants constitute a violation of Plaintiff's right to personal security under the Fourth and Fifth Amendments to the United States Constitution.

## COUNT FIVE

40. Plaintiff repeats and reaffirms the assertions of fact contained in paragraphs 1 through 39 herein above.

41. The foregoing acts and omissions of Defendants deprived Plaintiff of his right to

procedural and substantive due process under the Fifth Amendment to the United States Constitution.

## COUNT SIX

42.  Plaintiff repeat and reaffirms the assertions of fact contained in paragraphs 1 through 41 herein above.

43.  The foregoing acts and omissions of Defendants were done in deliberate indifference to rights guaranteed to Plaintiff under the Fourth and Fifth Amendments to the United States Constitution.

## VII. PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff, on behalf of himself and all others similarly situated, hereby demand judgment against Defendants as follows:

a.  For a declaration that Defendants' acts and omissions constitute a willful and intentional failure to establish appropriate safeguards to ensure the security and privacy of veteran records and to protect against known and anticipated threats or hazards to the security and integrity of these records in violation of 5 U.S.C. § 552a(e)(10) and the Fourth and Fifth Amendments of the United States Constitution.

b.  For preliminary and permanent injunctive relief enjoining, prohibiting and preventing Defendants from continuing to operate without appropriate safeguards to ensure the security and privacy of veteran records and to protect against anticipated threats or hazards to the security and integrity of these records, and an identity and/or credit monitoring program for the benefit of Plaintiff and the proposed class under the Court's supervision to safeguard against the serious harm attendant to the improper disclosure/theft of confidential information;

c.  For an award of damages for Plaintiff and each affected class member in an amount no less than $ 1,000.00 as well as an identity and/or credit monitoring program for the benefit of Plaintiff and the proposed class under the Court's supervision to safeguard against the serious harm attendant to the improper disclosure/theft of confidential information;

d.  For an award of reasonable attorney fees and costs incurred by Plaintiff and the members of the putative class in prosecuting this matter; and

e.  For an award of such other relief in law and equity to which Plaintiff and the members of the putative class may be entitled under the premises.

DATED: June 13, 2006                    By:  _____/s/_____

                                               Gary E. Mason
The Mason Law Firm, P.C.
1225 19th Street, NW
Suite 500
Washington, D.C. 20038
Telephone:  (202) 429-2290
Facsimile:   (202) 429-2294

Alexander E. Barnett
The Mason Law Firm, P.C.
One Pennsylvania Plaza
Suite 4632
New York, NY 10119
Telephone: (212) 362-5770
Facsimile: (917) 591-5227

Peter N. Wasylyk
The Law Offices of Peter N. Wasylyk
1307 Chalkstone Avenue
Providence, RI 02908
Telephone: (401) 831-7730
Facsimile: (401) 861-6064

Andrew S. Kierstead
The Law Office of Andrew S. Kierstead
1001 S.W. Fifth Avenue
Portland, OR 97204
Telephone:  (508) 224-6246
Facsimile: (508)  224-4356

*Counsel for Plaintiff*